# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD NICHOLAS ACOSTA SR., | Case No.: 1:14-cv-01422-BAM |
| Plaintiff, | ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO |
| v. | 42 U.S.C. § 406(b) |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | (Doc. 23) |
| Defendant. | |

Petitioner, Shellie Lott, counsel for Plaintiff Richard Nicholas Acosta Sr., seeks an award of attorney fees in the amount of $21,642.90 pursuant to 42 U.S.C. § 406(b). (Doc. 23) Defendant has filed a statement of non-opposition to Plaintiff's request. (Doc. 26). Having reviewed the motion and its supporting documentation, as well as the case file, the motion and the requested attorney's fees are **GRANTED**.

## I. Relevant Background

Plaintiff entered into a written contingent fee agreement with Ms. Lott on August 7, 2014, which provided that "if Attorney prevails… Claimant agrees to pay Attorney a fee for Federal Court work equal to 25% of the past-due benefits." (Doc. 23-3 at 1).

---

[1] Nancy A. Berryhill is now Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant.

1

On September 11, 2014, Plaintiff filed this action seeking judicial review of the Commissioner's denial of benefits (Doc. 1). Subsequently, on July 23, 2015, based on the parties' stipulation for a voluntary remand, the Court remanded the action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 20). On remand, an Administrative Law Judge found Plaintiff disabled which resulted in Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. (Doc. 23-1 at 1).

On March 29, 2017, Plaintiff received a Notice of Award of $86,571.60 in past-due benefits. (Doc. 23-2 at 2). Twenty-five percent of Plaintiff's past due benefit total of $86,571.60 equals $21,642.90. The Court awarded a fee of $3,934.24 under the Equal Access to Justice Act (EAJA) pursuant to the parties' stipulation. (Doc. 22). Accordingly, Plaintiff has requested net attorney's fees of $17,708.66.

**II.     Attorney Fees under § 406(b)**

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Id.* at 807.

**III.    Discussion and Analysis**

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received."

*Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, after carefully considering the fee agreement and the applicable law, the Court finds Plaintiff's counsel's requested fees to be reasonable. In support of her motion for attorneys' fees under 42 U.S.C. § 406(b), Plaintiff's counsel attached the contingent fee agreement which provided for a contingent fee of twenty-five percent of any awarded retroactive benefits. Plaintiff's counsel accepted the risk of loss in the representation and expended a total of 32.1 hours while representing Plaintiff before the District Court. (Doc. 23-4 at 2). As a result of counsel's work, the matter was remanded for further proceedings before an Administrative Law Judge, who issued a fully favorable decision and awarded Plaintiff benefits. Plaintiff's counsel provided a copy of the notice of award and the motion for attorney's fees to Plaintiff. (Doc. 23-1 at 2). Although served with the motion, Plaintiff did not file challenge the requested fees which attests to their reasonableness. Likewise, the Commissioner, in its advisory capacity, also declined to dispute the propriety of the amount of the fees requested by Plaintiff's counsel.

Additionally, there is no indication Ms. Lott performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. To the contrary, Plaintiff was able to secure a fully favorable decision and remand for further proceedings, including an award of past-due benefits. Accordingly, the Court finds the fees sought by Ms. Lott are reasonable in light the results achieved in this action, and the amount does not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b).

**IV.     Conclusion and Order**

Based upon the foregoing, the Court **ORDERS**:

1. The motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of $21,642.90, net of the previously awarded fee of $3,934.24 under the Equal Access to Justice Act (EAJA), for a total award of $17,708.66 is **GRANTED**;

2. The Commissioner shall pay the amount directly to Counsel, Shellie Lott.

IT IS SO ORDERED.

Dated:     **July 17, 2018**            /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE

3